## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STANLEY ARNOLD,
an individual,

                                        Case No.:

      Plaintiff,

v.

ONEMAIN FINANCIAL OF
AMERICA, INC., f/k/a SPRINGLEAF
FINANCIAL SERVICES, INC.,
a foreign for-profit corporation, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

      Defendants.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, STANLEY ARNOLD (hereinafter, "Plaintiff"), by and through

the undersigned counsel, and hereby sues Defendants, ONE MAIN FINANCIAL OF AMERICA,

INC., f/k/a SPRINGLEAF FINANCIAL SERVICES, INC. (hereinafter, "OneMain") and

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter

collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Florida Consumer Collection

Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Credit

Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein

OneMain attempted to collect two (2) discharged consumer debts from Plaintiff by continually

reporting balances due and past due on Plaintiff's consumer credit reports, and by calling

Plaintiff's home telephone, despite OneMain possessing knowledge that Plaintiff's voluntary Chapter 7 bankruptcy case discharged any personal obligation with respect to such debts and despite Plaintiff repeatedly disputing OneMain's reporting of such debts directly to OneMain.

2.      Additionally, despite Plaintiff repeatedly disputing OneMain's reporting of the above-referenced debts directly to Experian, Experian continued to report balances due and past due on Plaintiff's consumer credit reports in violation of the FCRA.

**JURISDICTION, VENUE & PARTIES**

3.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code, Section 1681, *et seq*., and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

4.      Defendants are subject to the jurisdiction of this Court as OneMain and Experian each regularly transact business in this District and the events described herein occur in this district.

5.      Venue is proper in this District as the acts and transactions described herein occur in this District.

6.      At all material times herein, Plaintiff is a natural person residing in Hernando County, Florida.

7.      At all material times herein, OneMain is a foreign for-profit corporation existing under the laws of the state of Delaware with its principal place of business located at 601 N.W. Second Street, Evansville, Indiana 44708.

8.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

9.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

10.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  *Id.* at § e(b) (emphasis added).

11.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from the consumer's file before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

12.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

13.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.*

at § i(a)(5).

14. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

15. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees. *Id.* at § o.

## FCCPA STATUTORY STRUCTURE

17. The FCCPA is a state consumer protection statute, modeled after the Federal Fair Debt Collection Practices Act, a statute designed to prohibit unfair, deceptive, and abusive

4

practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 United States Code, Section 1692(a) and (e); Florida Statutes, Sections 559.55 and 559.77(5).

18.     The FCCPA imposes civil liability on a creditor that "offers or extends credit creating a debt or to whom a debt is owed…"  and prohibits any person from engaging in particular conduct in connection with collecting consumer debts.  Florida Statues, Section 559.55(5)

19.     Specifically, the FCCPA prohibits unlawful debt collection "communications" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added).     Florida Statutes, Section 559.55(2).

20.     For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person know that the debt is not legitimate" or by asserting a legal right that does not exist.  *See* Florida Statutes, Sections 559.72(7) and 559.72(9).

## <u>GENERAL ALLEGATIONS</u>

21.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1681a(c).

22.     At all material times herein, OneMain, itself and through its subsidiaries, regularly extends lines of credit—and collects debts associated with the same—to consumers in Hernando County, Florida.

23.     At all material times herein, OneMain is a "creditor" as defined by Florida Statutes, Section 559.55(5) and a "person" subject to Florida Statutes Section 559.72.  *See* Florida Statutes,

Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

24.     At all material times herein, OneMain is also a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

25.     At all material times herein, OneMain attempts to collect consumer debts, including but not limited to, discharged balances no longer due on two (2) lines of consumer credit, referenced by account numbers ending in -3024 (hereinafter, "Debt -3024") and -3299 (hereinafter, "Debt -3299") (hereinafter collectively, the "Discharged Debt").

26.     At all material times herein, the Discharged Debt is consumer debt, obligations resulting from transactions for goods or services incurred primarily for personal, household, or family use.

27.     At all material times herein, the Discharge Order and Order Confirming Discharge, as such terms are defined below, eliminated any personal liability with respect to the Discharged Debt.

28.     After Plaintiff received the Discharge Order and Order Confirming Discharge in his Chapter 7 Bankruptcy Case, as such term is defined below, Plaintiff did not personally owe OneMain a balance due on the Discharged Debt.

29.     After both Plaintiff and OneMain received notice of the Discharge Order and Order Confirming Discharge in his Bankruptcy Case, Plaintiff did not personally owe OneMain a past due balance on the Discharged Debt.

30.     After both Plaintiff and OneMain received notice of the Discharge Order and Order Confirming Discharge in his Bankruptcy Case, OneMain reported balances due regarding the

Discharged Debt on Plaintiff's Experian credit report.

31.     After both Plaintiff and OneMain received notice of the Discharge Order and Order Confirming Discharge in his Bankruptcy Case, OneMain reported past due balances regarding the Discharged Debt on Plaintiff's Experian credit report.

32.     At all material times herein, OneMain's conduct regarding the Discharged Debt complained of below—including furnishing the alleged Discharged Debt information to consumer reporting agencies—qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

33.     Specifically, at all material times herein, OneMain furnishes information concerning the Discharged Debt to Experian in an attempt to extract and collect payment from Plaintiff.[1]

34.     OneMain furnishes, reports, and publishes specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

35.     At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of

---

[1] *See Arianas v. LVNV Funding*, 2015 WL 404238, Case No. 8:14-cv-01531-T-27-EAJ (M.D. Fla. Jan. 8, 2015) (noting that while furnishing information to a consumer credit bureau alone cannot constitute an attempt to collect a debt in violation of the FCCPA as such violation is preempted by the FCRA, a creditor that "knowingly [attempts] to enforce payment on accounts" by reporting the debt to a consumer reporting agency *can* engage in unlawful debt collection in violation of the FCCPA—not preempted by the FCRA—even without any additional collection attempts) (emphasis added); *see also Best v. Bluegreen Corporation*, 2014 WL 6883083, Case No. 14-80929-CIV (S.D. Fla. Dec. 4, 2014); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); and *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

36.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

37.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

### FACTUAL ALLEGATIONS

38.     On or about August 20, 2014, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A., d/b/a LeavenLaw (hereinafter, "Undersigned Counsel") with respect to his debts generally, including the Discharged Debt.

39.     On or about August 25, 2014, Undersigned Counsel sent OneMain's predecessor, Springleaf Financial Services, Inc. (hereinafter, "Springleaf"), two facsimile transmissions (hereinafter, "Faxes of Representation").  Please see true and correct copies of said Faxes of Representation with corresponding facsimile delivery confirmation labeled as Composite Exhibit "A."

40.     The Faxes of Representation provided OneMain with actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Discharged Debt, provided Undersigned Counsel's contact information, and advised that all direct communication with Plaintiff must cease and should instead be directed to Undersigned Counsel's office.  *See* Composite Ex. "A."

41.     On or about December 12, 2014, Plaintiff filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division,

referenced by case number 8:14-bk-14414-MGW (hereinafter, "Bankruptcy Case").  Please see a true and correct copy of the relevant pages from Plaintiff's Bankruptcy Case Petition labeled as Exhibit "B."

42.     Plaintiff voluntarily filed the Bankruptcy Case through his agent, Undersigned Counsel, and Undersigned Counsel acted within the scope of its agency when it filed the immediately-aforementioned Bankruptcy Case.

43.     Plaintiff listed OneMain's predecessor, Springleaf, as an unsecured creditor in his *Voluntary Chapter 7 Bankruptcy Petition* with respect to the Discharged Debt.  *See* Ex. "B."

44.     Plaintiff declared under penalty of perjury that the information provided in his Chapter 7 Voluntary Bankruptcy Petition was true and correct, and Plaintiff requested relief in accordance with the bankruptcy code.

45.     On or about December 17, 2014, Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he sent Springleaf notice of Plaintiff's Bankruptcy Case via the *Notice of Commencement of Case, Section 341 Meeting of Creditors, and Fixing Deadlines* (hereinafter, "341 Notice").  Please see a true and correct copy of said 341 Notice and corresponding BNC mailing certificate labeled as Exhibit "C."

46.     On or about March 23, 2015, Plaintiff received a *Discharge of Debtor* Order in his Bankruptcy Case which eliminated any remaining personal obligation with respect to the Discharged Debt.

47.     On or about March 25, 2015, Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he sent Springleaf a copy of the *Discharge of Debtor* Order (hereinafter, the "Discharge Order").  Please see a true and correct copy of said Discharge Order and corresponding BNC mailing certificate labeled as Exhibit "D."

9

48.     On or about June 9, 2015, Plaintiff reopened his Bankruptcy Case.

49.     On or about January 21, 2016, the Bankruptcy Court entered an *Order Granting Plaintiff's Motion to Confirm Chapter 7 Discharge Remains in Effect* (hereinafter, "Order Confirming Discharge"), and Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he sent Springleaf a copy of the Order Confirming Discharge.  Please see a true and correct copy of said Order Confirming Discharge and enclosed mailing matrix labeled as Exhibit "E."

50.     The Order Confirming Discharge affirmed that the initial Discharge Order eliminated any personal liability with respect to the Discharged Debt.

51.     On or about October 4, 2016, Plaintiff obtained a copy of his tri-merge credit report provided by Experian.  Please see a true and correct copy of the relevant pages from said tri-merge credit report labeled as Exhibit "F."

52.     According to said tri-merge report, Plaintiff's Experian consumer report listed Debt -3024 as closed and charged-off with a past-due balance of $11,125 and did not reference Plaintiff's Bankruptcy Case or Discharge Order.  *See* Ex. "F" at pg. 5.

53.     OneMain communicated such alleged past due amount on Debt -3024 in an attempt to knowingly collect the Discharged Debt from Plaintiff.

54.     Also, Plaintiff's Experian consumer report listed Debt -3299 as closed and charged-off with a past-due balance of $7,911 and did not reference Plaintiff's Bankruptcy Case or Discharge Order.  *Id.* at pg. 6.

55.     OneMain communicated such alleged past due amount on Debt -3024 in an attempt to knowingly collect the Discharged Debt from Plaintiff.

56.     On or about October 10, 2016, with Undersigned Counsel's assistance, Plaintiff sent a letter to OneMain and Experian disputing the information OneMain reported on Plaintiff's credit reports (hereinafter, "First Dispute Letter").  Please see a true and correct copy of Plaintiff's First Dispute Letter and relevant enclosures labeled as Composite Exhibit "G."

57.     Experian communicated Plaintiff's First Dispute Letter to OneMain.

58.     On or about November 10, 2016, Experian sent a letter in response to Plaintiff's First Dispute Letter (hereinafter, "Experian's First Response Letter").  Please see a true and correct copy of the relevant pages of Experian's First Response Letter labeled as Exhibit "H."

59.     Despite the Discharge Order and Order Confirming Discharge eliminating any personal obligation with respect to the Discharged Debt and despite Plaintiff's First Dispute Letter to Experian detailing Experian's erroneous reporting of the Discharged Debt, Experian reported Debt -3024 as charged-off with a past due balance of $11,070 as of November 2016, and reported Debt -3299 as charged-off with a past due balance of $7,911 as of November 2016.  *See* Ex. "H" at pg. 5.

60.     Moreover, Experian's First Response Letter did *not* indicate or reference Plaintiff's Bankruptcy Case, Discharge Order, or Order Confirming Discharge with respect to the Discharged Debt.  *Id.*

61.     OneMain communicated such alleged past due amounts to Experian in an attempt to knowingly collect the Discharged Debt from Plaintiff.

62.     On or about December 14, 2016, Undersigned Counsel sent another letter to OneMain and Experian on Plaintiff's behalf *again* disputing the errors contained in Plaintiff's credit reports (hereinafter, "Second Dispute Letter").  Please see a true and correct copy of Plaintiff's Second Dispute Letter and relevant enclosures labeled as Composite Exhibit "I".

63.     Experian communicated Plaintiff's Second Dispute Letter to OneMain.

64.     On or about January 3, 2017, at approximately 2:07 p.m. EST, OneMain's employee or representative "Rachel Horn" directly called Plaintiff in an attempt to collect the Discharged Debt.

65.     OneMain placed the immediately-aforementioned call from telephone number telephone number 888.800.2527.

66.     During the above-referenced call, Plaintiff advised OneMain of his Bankruptcy Case and Discharge Order, advised OneMain of Undersigned Counsel's legal representation of Plaintiff with respect to the Discharged Debt, provided Undersigned Counsel's contact information, and requested that OneMain cease calling Plaintiff's home telephone.

67.     On or about January 3, 2017, at approximately 6:24 p.m. EST, OneMain's employee or representative "Jeremey Will" directly called Plaintiff in an attempt to collect the Discharged Debt.

68.     OneMain placed the immediately-aforementioned call from telephone number telephone number 888.800.2527.

69.     During the above-referenced call, Plaintiff *again* advised OneMain of his Bankruptcy Case and Discharge Order, *again* advised OneMain of Undersigned Counsel's legal representation of Plaintiff with respect to the Discharged Debt, *again* provided Undersigned Counsel's contact information, and *again* requested that OneMain cease calling Plaintiff's home telephone.

70.     On or about January 3, 2017, Experian sent a letter in response to Plaintiff's Second Dispute Letter (hereinafter, "Experian's Second Response Letter").  Please see a true and correct copy of the relevant pages from Experian's Second Response Letter labeled as Exhibit "J."

71.     Experian's Second Response Letter indicated the Discharged Debt as closed, 120 days late as of November 2014, with a $0 balance due and included in Plaintiff's Bankruptcy Case. *See* Ex. "J" at pg. 4.

72.     On or about January 4, 2017, Experian sent *another* letter in response to Plaintiff's Second Dispute Letter (hereinafter, "Experian's Third Response Letter").  Please see a true and correct copy of the relevant pages of Experian's Third Response Letter labeled as Exhibit "K."

73.     Experian's Third Response Letter similarly reported the Discharged Debt as closed, 120 days late as of November 2014, with a $0 balance due and included in Plaintiff's Bankruptcy Case.  *See* Ex. "K" at pg. 4.

74.     In aggregate, OneMain and Experian reported Debt -3024 and Debt -3299 on Plaintiff's consumer credit reports as illustrated in the tables below:

[REMAINDER OF PAGE INTENTIONALLY BLANK]

| Debt | Debt -3024 | Debt -3299 |
|---|---|---|
| Debts Should be **Accurately Reported** as: | Balance: **$0.00**<br>Past Due: **$0.00**<br>Account Status: **Closed**<br>No late payment history after: **March 23, 2015**<br>Included in Ch. 7 Bankruptcy<br>Discharged in Ch. 7 Bankruptcy | Balance: **$0.00**<br>Past Due: **$0.00**<br>Account Status: **Closed**<br>No late payment history after: **March 23, 2015**<br>Included in Ch. 7 Bankruptcy<br>Discharged in Ch. 7 Bankruptcy |
| *Before First Dispute*<br><br>*Report as of:*<br>*10/04/2016* | Balance: **$11,125.00**<br>Past Due: **$11,125.00**<br>Account Status: **Closed & Charged-off**<br>No reference to Ch. 7 Bankruptcy or Discharge | Balance: **$7,911.00**<br>Past Due: **$7,911.00**<br>Account Status: **Closed & Charged-off**<br>No reference to Ch. 7 Bankruptcy or Discharge |
| *After 1st Dispute*<br><br>*Report as of:*<br>*11/10/2016* | Balance: **$11,070.00**<br>Past Due: **$11,070.00**<br>Account Status: **Closed**<br>Status: **Account charged off; $11,070 past due as of Nov 2016**<br>Actual Balance History: **$11,125 balance from November 2014-August 2016**<br>No reference to Ch. 7 Bankruptcy or Discharge | Balance: **$7,911.00**<br>Past Due: **$7,911.00**<br>Account Status: **Closed**<br>Status: **Account charged off; $7,911 past due as of Nov 2016**<br>Actual Balance History: **$7,911 balance from November 2014-August 2016**<br>No reference to Ch. 7 Bankruptcy or Discharge |
| *After 2nd Dispute*<br><br>*Report as of:*<br>*01/03/2017* | Balance: **$0.00**<br>Past Due: **$0.00**<br>Account Status: **Closed**<br>Account Status: **Discharged in Ch. 7 Bankruptcy**<br>No late payment history or derogatory reporting after November 2014 | Balance: **$0.00**<br>Past Due: **$0.00**<br>Account Status: **Closed**<br>Account Status: **Discharged in Ch. 7 Bankruptcy**<br>No late payment history or derogatory reporting  at all |

Experian

75. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

76. The FCCPA, Section 559.77 provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against OneMain.

77. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against OneMain and/or Experian.

78. As a result of the debt collection, communicating, and inaccurate reporting of the Discharged Debt on Plaintiff's credit reports, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions—including a higher interest rate to finance the purchase of an automobile for personal use—and he did not receive the benefit of relief afforded by the Discharge Order and Order Confirming Discharge entered in Plaintiff's Bankruptcy Case.

79. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite the Discharge Order and Order Confirming Discharge entered in Plaintiff's Bankruptcy Case, and despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and incorrect reporting of the Discharged Debt, as well as OneMain's unlawful continued Debt collection attempts.

80. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Discharged Debt and that Plaintiff would instead pay higher interest rates in the event he could obtain

financing.  In fact, Plaintiff suffered additional actual damages in the form of damage to his credit reputation, higher credit costs, and other additional costs and fees.

81.    As of the date of this complaint, OneMain has not initiated a law suit in an effort to collect the Discharged Debt.  Likewise, OneMain has not obtained a final judgment regarding the Discharged Debt.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE—**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

82.    OneMain is subject to, and violated the provisions of, Florida Statutes, Section 559.55(7) by collecting consumer debts from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

83.    Specifically, despite the Discharge Order and Order Confirming Discharge eliminating any personal liability with respect to the Discharged Debt, and despite Plaintiff's letters disputing OneMain's and Experian's reporting of the Discharged Debt on Plaintiff's Experian credit report, OneMain reported Debt -3024 as past due in the amount of $11,070, reported Debt -3299 as past due in the amount of $7,911, and did not indicate or reference the discharge Plaintiff received in his Bankruptcy Case on Plaintiff's Experian credit report in its attempt to collect the Discharged Debt from Plaintiff.

84.    Further, despite the Discharge Order and Order Confirming Discharge eliminating any personal liability with respect to the Discharged Debt, and despite Plaintiff's letters disputing OneMain's and Experian's reporting of the Discharged Debt on Plaintiff's Experian credit report,

OneMain directly called Plaintiff *at least* two (2) times in an attempt to collect the Discharged Debt.

86. OneMain's conduct served no purpose other than to annoy and harass Plaintiff into paying the Discharged Debt, as the Discharge Order and Order Confirming Discharge eliminated any personal liability with respect to the Discharged Debt, and despite Plaintiff's First Dispute Letter, OneMain continued to report the Discharged Debt on Plaintiff's credit reports and continued to directly contact Plaintiff in its attempt to collect the Discharged Debt.

86. OneMain's willful and flagrant violation of, *inter alia*, the Florida Consumer Collection Practices Act as a means to collect the Discharged Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

87. As a direct and proximate result of OneMain's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

88. OneMain is subject to, and violated the provisions of, Florida Statues, Section 559.72(9) by attempting to collect the Discharged Debt with knowledge that the Discharged Debt is not legitimate or by asserting the existence of some legal right when OneMain knows that the right does not exist.

89. Specifically, OneMain possessed actual knowledge of Plaintiff's Bankruptcy Case via the 341 Notice and possessed actual knowledge of the corresponding discharge of the Discharged Debt via the Discharge Order and subsequent Order Confirming Discharge.

90.     Despite the Discharge Order and Order Confirming Discharge eliminating any personal liability with respect to the Discharged Debt, and despite Plaintiff's letters disputing OneMain's and Experian's reporting of the Discharged Debt on Plaintiff's Experian credit report, OneMain reported Debt -3024 as past due in the amount of $11,070, reported Debt -3299 as past due in the amount of $7,911 on Plaintiff's Experian credit report, and did not indicate or reference the discharge Plaintiff received in his Bankruptcy Case on Plaintiff's Experian credit report in its attempts to collect the Discharged Debt.

91.     During the course of OneMain's attempts to collect the Discharged Debt, it knowingly and falsely asserted that the Discharged Debt was legitimate, and falsely asserted that it possessed the right to collect the Discharged Debt from Plaintiff by reporting the Discharged Debt on Plaintiff's credit reports, as well as by calling Plaintiff in an attempt to collect the Discharged Debt, despite possessing actual knowledge of Plaintiff's Bankruptcy Case and Discharge Order.

92.     As a direct and proximate result of OneMain's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if full restated herein and further states as follows:

93.     OneMain is subject to, and violated the provisions of, Florida Statues, Section 559.72(18) by intentionally communicating directly with Plaintiff after receiving actual notice of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and after receiving Undersigned Counsel's contact information.

94.     Specifically, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Discharged Debt and Undersigned Counsel's contact information via the Faxes of Representation, OneMain called Plaintiff directly *at least* two (2) times in an attempt to collect the Discharged Debt.

95.     As a direct and proximate result of OneMain's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

96.     Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

97.     Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding Plaintiff's Bankruptcy Case and Discharged Debt.

98.     Specifically, despite the Discharge Order and Order Confirming Discharge eliminating any personal obligation with respect to the Discharged Debt, Experian reported Debt -3021 as past due and charged-off in the amount of $11,070, reported Debt -3299 as past due and charged-off in the amount of $7,911, and Experian did *not* reference Plaintiff's Bankruptcy Case or Discharge Order with respect to the Discharged Debt.

99.     Further, Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's Experian credit report.

100.    For example, despite Plaintiff's dispute of the inaccuracies in his credit reports, Experian did not search any public records to independently verify OneMain's assertions that the Discharged Debt was past due at any time after OneMain originally reported the Discharged Debt to Experian.

101.    Specifically, despite Plaintiff's First Dispute Letter to Experian detailing Experian's erroneous reporting of the Discharged Debt, Experian *still* reported Debt -3024 as charged-off and past due in the amount of $11,070, reported Debt -3299 as charged-off and past due in the amount of $7,911, and did not reference Plaintiff's Bankruptcy Case or Discharge Order with respect to the Discharged Debt.

102.    Such reporting of the Discharged Debt is false and evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

103.    As a result of Experian's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions.

104.    Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

105.    Experian's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to

actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT FIVE:
## FAIR CREDIT REPORTING ACT—
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

106.   Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the information in Plaintiff's credit reports and credit file.

107.   Specifically, Experian willfully or negligently refused, or both, to properly reinvestigate Plaintiff's consumer report upon receiving Plaintiff's disputes, as described herein.

108.   For example, despite receiving Plaintiff's First Dispute Letter, Experian's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Discharged Debt on Plaintiff's credit reports.

109.   As noted above, Experian did not search any public records to independently verify OneMain's assertions regarding the Discharged Debt after OneMain originally reported the Discharged Debt to Experian.

110.   Furthermore, Experian's First Response Letter reported Debt -3024 as $11,070 past due as of November 2016, reported Debt -3299 as past due as of November 2016, and did not reference Plaintiff's Bankruptcy Case or Discharge Order.

111.   Such reporting is false and evidences Experian's failure to conduct a reasonable investigation of Plaintiff's repeated disputes.

21

112.   Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

113.   Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

114.   Experian's reinvestigation procedures are unreasonable.

115.   Experian's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

116.   Experian's reinvestigations were *per se* deficient by reason of these failures in Experian's reinvestigations of Plaintiff and the Discharged Debt.

117.   Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT SIX:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

118.   Experian is subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

119.   Specifically, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

120.   Further, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant

pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

121.    Experian's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

122.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT SEVEN:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

123.    Experian is subject to, and violated the provisions of, 15 United States code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

124.    Specifically, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently, or both, failed to update or delete information on Plaintiff's credit reports with respect to the Discharged Debt that was either inaccurate or could not be verified.

125.    Further, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently, or both, failed to update or delete the information on Plaintiff's credit reports with respect to the Discharged Debt that was either inaccurate or could not be verified.

23

126.    As a result of Experian's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable credit terms on consumer loans and other consumer transactions.

127.    Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

128.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT EIGHT:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

129.    OneMain is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Discharged Debt on Plaintiff's credit reports after investigating Plaintiff's disputes.

130.    As described above, despite receiving notice of Plaintiff's dispute from Plaintiff as well as from Experian, and the subsequent reinvestigations, OneMain willfully or negligently reported—or both—erroneous credit information regarding the Discharged Debt to Experian.

131.    Specifically, after receiving notice of Plaintiff's repeated disputes from Experian, OneMain inaccurately reported the Discharged Debt as past due, reported outstanding balances

24

due, reported the Discharged Debt as charged-off, and failed to report the Discharged Debt as discharged in Plaintiff's Bankruptcy Case to Experian, which ultimately reflected negatively on Plaintiff's Experian credit report and credit file.

132.    Further, OneMain reported the immediately-aforementioned negative information with actual knowledge that the Discharge Order and Order Confirming Discharge eliminated any personal obligation with respect to the Discharged Debt.

133.    OneMain's reinvestigations were not conducted in good faith.

134.    OneMain's reinvestigations were not conducted reasonably.

135.    OneMain's reinvestigations were not conducted using all information reasonably available to OneMain.

136.    As a result of OneMain's conduct, actions, or inactions, Plaintiff was unable to obtain or maintain credit at market rates and terms for an individual who did not have fictitious and erroneous outstanding, late, or past due balances reported on his credit reports.

137.    OneMain's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

138.    OneMain's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against OneMain declaring that OneMain violated the FCCPA;

b.      Judgment against OneMain for maximum statutory damages for the violations of the FCCPA;

c.      Judgment against OneMain and Experian for maximum statutory damages for violations of the FCRA;

d.      Judgment enjoining Defendants from engaging in further conduct in violation of the FCRA;

e.      Actual damages in an amount to be determined at trial;

f.      Compensatory damages in an amount to be determined at trial;

g.      Punitive damages in an amount to be determined at trial;

h.      An award of attorneys' fees and costs; and

i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*

☐ **Ian R. Leavengood, Esq., FBN 0010167**
**[X] Aaron M. Swift, Esq., FBN 0093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara W. Severini, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703

26

Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sseverini@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA    )
           )
COUNTY OF _Pinellas_  )

Plaintiff STANLEY ARNOLD, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Stanley Arnold

Subscribed and sworn to before me
this _21st_ day of _February_, 2017.

_____
Notary Public

My Commission Expires:

_3.01.2019_

Proof of I.D.: _Drivers License_



JUDY RALPH
MY COMMISSION #FF204745
EXPIRES: MAR 01, 2019
Bonded through 1st State Insurance