## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| STANLEY ARNOLD,<br>an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>ONEMAIN FINANCIAL OF<br>AMERICA, INC., f/k/a SPRINGLEAF<br>FINANCIAL SERVICES, INC.,<br>a foreign for-profit corporation, and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>a foreign for-profit corporation,<br><br>    Defendants. | Case No. 8:17-cv-01726-JSM-TBM |

### DEFENDANTS' ANSWERS TO PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, in answer to the Verified Complaint filed by Plaintiff Stanley Arnold ("Plaintiff"). As an initial matter, Experian reserves the right to supplement or amend its answer based on future investigation or discovery. Experian states as follows

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein OneMain attempted to collect two (2) discharged consumer debts from Plaintiff by continually reporting balances due and past due on Plaintiff's consumer credit reports, and by calling Plaintiff's home telephone, despite OneMain possessing knowledge that Plaintiff's voluntary Chapter 7 bankruptcy case discharged any personal obligation with respect to such debts and despite Plaintiff repeatedly disputing OneMain's reporting of such debts directly to OneMain.

**ANSWER:**  In response to paragraph 1 of the Complaint, Experian admits that Plaintiff purports to bring a claim under the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter the "FCRA").  Responding further, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the Fair Credit Reporting Act ("FCRA") or any other law.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 1 and on that basis denies the same.

2.      Additionally, despite Plaintiff repeatedly disputing OneMain's reporting of the above-referenced debts directly to Experian, Experian continued to report balances due and past due on Plaintiff's consumer credit reports in violation of the FCRA.

**ANSWER:**  In response to paragraph 2 of the Complaint, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the Fair Credit Reporting Act ("FCRA") or any other law.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 2 and on that basis denies the same.

## JURISDICTION, VENUE & PARTIES

3.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code, Section 1681, *et seq.*, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

**ANSWER:**  In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged that jurisdiction for this case arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*., and that Plaintiff has alleged that supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.  Experian states that these are legal conclusions not subject to admission or denial.  Responding further, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies the same.

4.      Defendants are subject to the jurisdiction of this Court as OneMain and Experian each regularly transact business in this District and the events described herein occur in this district.

**ANSWER:** In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged that Defendants are subject to the jurisdiction of this Court.  Experian states that this is a legal conclusions not subject to admission or denial.  Responding further, Experian admits that it transacts business in the Middle District of Florida.  Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the same.

5.      Venue is proper in this District as the acts and transactions described herein occur in this District.

**ANSWER:**  In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper in this District.  Experian states that this is a legal conclusion not subject to admission or denial.  Responding further, Experian states that it does not have knowledge or information

sufficient to form a belief as to the truth of the allegations contained in

paragraph 5 and on that basis denies the same.

6.      At all material times herein, Plaintiff is a natural person residing in Hernando County, Florida.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 6, and therefore denies the same.

7.      At all material times herein, OneMain is a foreign for-profit corporation existing under the laws of the state of Delaware with its principal place of business located at 601 N.W. Second Street, Evansville, Indiana 44708.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 7, and therefore denies the same.

8.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

> **ANSWER:**   In response to paragraph 8 of the Complaint, Experian admits
>
> that it is an foreign for-profit corporation existing under the laws of the state
>
> of Ohio with its principal place of business located at 475 Anton Boulevard,
>
> Costa Mesa, California 92626.

### FCRA STATUTORY STRUCTURE

9.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

> **ANSWER:**   In response to paragraph 9 of the Complaint, Experian states that
>
> the FCRA speaks for itself and on that basis denies any allegations of
>
> paragraph 9 inconsistent therewith.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining

allegations contained in paragraph 9 and on that basis denies the same.

10.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

**ANSWER:**   In response to paragraph 11 of the Complaint, Experian states

that this paragraph contains legal conclusions not subject to admission or

denial.  Responding further, Experian states that the FCRA speaks for itself

and on that basis denies any allegations of paragraph 11 inconsistent therewith.

Experian does not have knowledge or information sufficient to form a belief

as to the truth of any remaining allegations contained in paragraph 11 and on

that basis denies the same.

11.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from the consumer's file before the end of the 30- day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

**ANSWER:**  In response to paragraph 11 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian states that the FCRA speaks for itself and on that basis denies any

allegations of paragraph 11 inconsistent therewith.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining allegations

contained in paragraph 11 and on that basis denies the same.

12.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the

consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

      **ANSWER:**  In response to paragraph 12 of the Complaint, Experian states that

this paragraph contains legal conclusions not subject to admission or denial.

Responding further, Experian states that the FCRA speaks for itself and on that

basis denies any allegations of paragraph 12 inconsistent therewith.  Experian

does not have knowledge or information sufficient to form a belief as to the

truth of any remaining allegations contained in paragraph 12 and on that basis

denies the same.

13.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

      **ANSWER:**  In response to paragraph 13 of the Complaint, Experian states that

this paragraph contains legal conclusions not subject to admission or denial.

Responding further, Experian states that the FCRA speaks for itself and on that

basis denies any allegations of paragraph 13 inconsistent therewith.  Experian

does not have knowledge or information sufficient to form a belief as to the

truth of any remaining allegations contained in paragraph 13 and on that basis

denies the same.

14.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate,

report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

> **ANSWER:**  In response to paragraph 14 of the Complaint, Experian states that this paragraph contains legal conclusions not subject to admission or denial. Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegations of paragraph 14 inconsistent therewith.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 14 and on that basis denies the same.

15.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

> **ANSWER:**  In response to paragraph 15 of the Complaint, Experian states that this paragraph contains legal conclusions not subject to admission or denial. Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegations of paragraph 15 inconsistent therewith.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 15 and on that basis denies the same.

16.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees.  *Id.* at § o.

**ANSWER:**   In response to paragraph 16 of the Complaint, Experian states that this paragraph contains legal conclusions not subject to admission or denial.  Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegations of paragraph 16 inconsistent therewith. Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 16 and on that basis denies the same.

### FCCPA STATUTORY STRUCTURE

17.    The FCCPA is a state consumer protection statute, modeled after the Federal Fair Debt Collection Practices Act, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 United States Code, Section 1692(a) and (e); Florida Statutes, Sections 559.55 and 559.77(5).

**ANSWER:**  In response to paragraph 17 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian states that the FCCPA speaks for itself and on that basis denies any

allegations of paragraph 17 inconsistent therewith.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining allegations

contained in paragraph 17 and on that basis denies the same.

18.    The FCCPA imposes civil liability on a creditor that "offers or extends credit creating a debt or to whom a debt is owed…" and prohibits any person from engaging in particular conduct in connection with collecting consumer debts.  Florida Statues, Section 559.55(5)

**ANSWER:**  In response to paragraph 18 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian states that the FCCPA speaks for itself and on that basis denies any

allegations of paragraph 18 inconsistent therewith.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining allegations

contained in paragraph 18 and on that basis denies the same.

19.     Specifically, the FCCPA prohibits unlawful debt collection "communications" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added). Florida Statutes, Section 559.55(2).

**ANSWER:**  In response to paragraph 19 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian states that the FCCPA speaks for itself and on that basis denies any

allegations of paragraph 19 inconsistent therewith.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining allegations

contained in paragraph 19 and on that basis denies the same.

20.     For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person know that the debt is not legitimate" or by asserting a legal right that does not exist.  *See* Florida Statutes, Sections 559.72(7) and 559.72(9).

**ANSWER:**  In response to paragraph 20 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian states that the FCCPA speaks for itself and on that basis denies any

allegations of paragraph 20 inconsistent therewith.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining allegations

contained in paragraph 20 and on that basis denies the same.

## **GENERAL ALLEGATIONS**

21.    At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1681a(c).

**ANSWER:** In response to paragraph 21 of the Complaint, Experian admits

that Plaintiff  is a "consumer" as that term is defined by 15 U.S.C.A. §

1681a(c).  Experian does not have knowledge or information sufficient to form

a belief as to the truth of any remaining allegations contained in paragraph 21

and on that basis denies the same.

22.    At all material times herein, OneMain, itself and through its subsidiaries, regularly extends lines of credit—and collects debts associated with the same—to consumers in Hernando County, Florida.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 22, and therefore denies the same.

23.    At all material times herein, OneMain is a "creditor" as defined by Florida Statutes, Section 559.55(5) and a "person" subject to Florida Statutes Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 23, and therefore denies the same.

24.    At all material times herein, OneMain is also a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 24, and therefore denies the same.

25.    At all material times herein, OneMain attempts to collect consumer debts, including but not limited to, discharged balances no longer due on two (2) lines of consumer credit, referenced by account numbers ending in -3024 (hereinafter, "Debt -3024") and -3299 (hereinafter, "Debt -3299") (hereinafter collectively, the "Discharged Debt").

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 25, and therefore denies the same.

26.    At all material times herein, the Discharged Debt is consumer debt, obligations resulting from transactions for goods or services incurred primarily for personal, household, or family use.

**ANSWER:**   In response to paragraph 26 of the Complaint, Experian states

that this paragraph contains legal conclusions not subject to admission or

denial.  Responding further, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in

paragraph 26, and therefore denies the same.

27.    At all material times herein, the Discharge Order and Order Confirming Discharge, as such terms are defined below, eliminated any personal liability with respect to the Discharged Debt.

**ANSWER:**   In response to paragraph 27 of the Complaint, Experian states

that this paragraph contains legal conclusions not subject to admission or

denial.  Responding further, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in

paragraph 27, and therefore denies the same.

28.    After Plaintiff received the Discharge Order and Order Confirming Discharge in his Chapter 7 Bankruptcy Case, as such term is defined below, Plaintiff did not personally owe OneMain a balance due on the Discharged Debt.

**ANSWER:**  In response to paragraph 28 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 28, and therefore denies the same.

29.     After both Plaintiff and OneMain received notice of the Discharge Order and Order Confirming Discharge in his Bankruptcy Case, Plaintiff did not personally owe OneMain a past due balance on the Discharged Debt.

**ANSWER:**  In response to paragraph 29 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further, Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 29, and therefore denies the same.

30.     After both Plaintiff and OneMain received notice of the Discharge Order and Order Confirming Discharge in his Bankruptcy Case, OneMain reported balances due regarding the Discharged Debt on Plaintiff's Experian credit report.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 30, and therefore denies the same.

31.     After both Plaintiff and OneMain received notice of the Discharge Order and Order Confirming Discharge in his Bankruptcy Case, OneMain reported past due balances regarding the Discharged Debt on Plaintiff's Experian credit report.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 31, and therefore denies the same.

32.     At all material times herein, OneMain's conduct regarding the Discharged Debt complained of below—including furnishing the alleged Discharged Debt information to consumer reporting agencies—qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

> **ANSWER:**   In response to paragraph 32 of the Complaint, Experian states
>
> that this paragraph contains legal conclusions not subject to admission or
>
> denial.  Responding further, Experian is without knowledge or information
>
> sufficient to form a belief as to the truth of the allegations contained in
>
> paragraph 32, and therefore denies the same.

33.     Specifically, at all material times herein, OneMain furnishes information concerning the Discharged Debt to Experian in an attempt to extract and collect payment from Plaintiff.[1]

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and therefore denies the same.

In response to the footnote contained in paragraph 33 of the Complaint, Experian states that this footnote contains legal conclusions not subject to admission or denial. Responding further, Experian states that *Arianas v. LVNV Funding*, 2015 WL 404238, Case No. 8:14-cv-01531-T-27-EAJ (M.D. Fla. Jan. 8, 2015); *Best v. Bluegreen Corporation*, 2014 WL 6883083, Case No. 14 80929-CIV (S.D. Fla. Dec. 4, 2014); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); and *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) speak for themselves and on that basis denies any allegations of the footnote inconsistent therewith.  Responding further, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote, and therefore denies the same.

---

[1] *See Arianas v. LVNV Funding*, 2015 WL 404238, Case No. 8:14-cv-01531-T-27-EAJ (M.D. Fla. Jan. 8, 2015) (noting that while furnishing information to a consumer credit bureau alone cannot constitute an attempt to collect a debt in violation of the FCCPA as such violation is preempted by the FCRA, a creditor that "knowingly [attempts] to enforce payment on accounts" by reporting the debt to a consumer reporting agency *can* engage in unlawful debt collection in violation of the FCCPA—not preempted by the FCRA—even without any additional collection attempts) (emphasis added); *see also Best v. Bluegreen Corporation*, 2014 WL 6883083, Case No. 14-80929-CIV (S.D. Fla. Dec. 4, 2014); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); and *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

34.    OneMain furnishes, reports, and publishes specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 34, and therefore denies the same.

35.    At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**  In response to paragraph 35 of the Complaint, Experian admits that it is a

"consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

Responding further, Experian denies that the remaining allegations in paragraph 38

accurately characterize Experian's business, but Experian admits that it is a consumer

reporting agency that compiles and maintains files on consumers on a nationwide basis.

36.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 36, and therefore denies the same.

37.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

**ANSWER:**  In response to paragraph 37 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further,  Experian states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 37, and therefore denies the same.

## FACTUAL ALLEGATIONS

38.    On or about August 20, 2014, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A., d/b/a LeavenLaw (hereinafter, "Undersigned Counsel") with respect to his debts generally, including the Discharged Debt.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 38, and therefore denies the same.

39.    On or about August 25, 2014, Undersigned Counsel sent OneMain's predecessor, Springleaf Financial Services, Inc. (hereinafter, "Springleaf"), two facsimile transmissions (hereinafter, "Faxes of Representation"). Please *See* true and correct copies of said Faxes of Representation with corresponding facsimile delivery confirmation labeled as Composite Exhibit "A."

**ANSWER:**  In response to paragraph 39 of the Complaint, Experian states that Exhibit

A, attached to the Complaint, appears to be a true and correct copies of facsimile

transmissions from undersigned counsel to Springleaf Financial Services dated August

25, 2014.  Responding further, Experian states that Exhibit A speaks for itself, and on

that basis denies any allegations of paragraph 39 inconsistent therewith.  Experian further

states that it does not have knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 39 and, on that basis, denies, generally

and specifically, each and every remaining allegation of paragraph 39 of the Complaint.

40.    The Faxes of Representation provided OneMain with actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Discharged Debt, provided Undersigned Counsel's contact information, and advised that all direct communication with Plaintiff must cease and should instead be directed to Undersigned Counsel's office. *See* Composite Ex. "A."

**ANSWER:**  In response to paragraph 40 of the Complaint, Experian states that Exhibit

A, attached to the Complaint, speaks for itself, and on that basis denies any allegations of

paragraph 40 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 40 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 40 of the Complaint

     41.     On or about December 12, 2014, Plaintiff filed a Chapter 7 Voluntary
Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of
Florida, Tampa Division, referenced by case number 8:14-bk-14414-MGW (hereinafter,
"Bankruptcy Case"). Please *See* a true and correct copy of the relevant pages from
Plaintiff's Bankruptcy Case Petition labeled as Exhibit "B."

**ANSWER:**  In response to paragraph 41 of the Complaint, Experian states that Exhibit

B, attached to the Complaint, appears to be a true and correct copy of pages from a

Bankruptcy Case Petition filed in the United States Bankruptcy Court for the Middle

District of Florida, Case No. 8:14-bk-14414-MGW.  Responding further, Experian states

that Exhibit B speaks for itself, and on that basis denies any allegations of paragraph 41

inconsistent therewith.  Experian further states that it does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of

paragraph 41 and, on that basis, denies, generally and specifically, each and every

remaining allegation of paragraph 41 of the Complaint.

     42.     Plaintiff voluntarily filed the Bankruptcy Case through his agent,
Undersigned Counsel, and Undersigned Counsel acted within the scope of its agency when
it filed the immediately-aforementioned Bankruptcy Case.

     **ANSWER:**  In response to paragraph 42 of the Complaint, Experian states that

     this paragraph contains legal conclusions not subject to admission or denial.

Responding further,  Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and therefore denies the same.

43.     Plaintiff listed OneMain's predecessor, Springleaf, as an unsecured creditor in his *Voluntary Chapter 7 Bankruptcy Petition* with respect to the Discharged Debt. *See* Ex. "B."

**ANSWER:** In response to paragraph 43 of the Complaint, Experian states that Exhibit B, attached to the Complaint, speaks for itself, and on that basis denies any allegations of paragraph 43 inconsistent therewith.  Experian further states that it does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Complaint

44.     Plaintiff declared under penalty of perjury that the information provided in his Chapter 7 Voluntary Bankruptcy Petition was true and correct, and Plaintiff requested relief in accordance with the bankruptcy code.

**ANSWER:**  In response to paragraph 44 of the Complaint, Experian states that this paragraph contains legal conclusions not subject to admission or denial.  Responding further,  Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and therefore denies the same.

45.     On or about December 17, 2014, Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he sent Springleaf notice of Plaintiff's Bankruptcy Case via the *Notice of Commencement of Case, Section 341 Meeting of Creditors, and Fixing Deadlines* (hereinafter, "341 Notice"). Please *See* a true and correct copy of said 341 Notice and corresponding BNC mailing certificate labeled as Exhibit "C."

**ANSWER:**  In response to paragraph 45 of the Complaint, Experian states that Exhibit C, attached to the Complaint, appears to be a true and correct copy of Notice of Commence of Case, Section 341 Meeting of Creditors and Fixing Deadlines entered in the United States Bankruptcy Court for the Middle District of Florida, Case No. 8:14-bk-14414-MGW.   Responding further, Experian states that Exhibit C speaks for itself, and on that basis denies any allegations of paragraph 45 inconsistent therewith.  Experian further states that it does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46.     On or about March 23, 2015, Plaintiff received a *Discharge of Debtor* Order in his Bankruptcy Case which eliminated any remaining personal obligation with respect to the Discharged Debt.

**ANSWER:**  In response to paragraph 46 of the Complaint, Experian states that this paragraph contains legal conclusions not subject to admission or denial. Responding further,   Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore denies the same.

47.     On or about March 25, 2015, Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he sent Springleaf a copy of the *Discharge of Debtor* Order (hereinafter, the "Discharge Order"). Please *See* a true and correct copy of said Discharge Order and corresponding BNC mailing certificate labeled as Exhibit "D."

**ANSWER:**  In response to paragraph 47 of the Complaint, Experian states that Exhibit D, attached to the Complaint, appears to be a true and correct copy of a Discharge of

Debtor Order entered in the United States Bankruptcy Court for the Middle District of

Florida, Case No. 8:14-bk-14414-MGW.  Responding further, Experian states that

Exhibit D speaks for itself, and on that basis denies any allegations of paragraph 47

inconsistent therewith.  Experian further states that it does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of

paragraph 47 and, on that basis, denies, generally and specifically, each and every

remaining allegation of paragraph 47 of the Complaint.

48.     On or about June 9, 2015, Plaintiff reopened his Bankruptcy Case.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 48, and therefore denies the same.

49.     On or about January 21, 2016, the Bankruptcy Court entered an *Order
Granting Plaintiff's Motion to Confirm Chapter 7 Discharge Remains in Effect*
(hereinafter, "Order Confirming Discharge"), and Clerk of the Bankruptcy Court, Joseph
Speetjens, declared under penalty of perjury that he sent Springleaf a copy of the Order
Confirming Discharge. Please *See* a true and correct copy of said Order Confirming
Discharge and enclosed mailing matrix labeled as Exhibit "E."

**ANSWER:**  In response to paragraph 49 of the Complaint, Experian states that Exhibit E,

attached to the Complaint, appears to be a true and correct copy of an Order Granting

Plaintiff's Motion to Confirm Chapter 7 Discharge Remains in Effect entered in the

United States Bankruptcy Court for the Middle District of Florida, Case No. 8:14-bk-

14414-MGW.  Responding further, Experian states that Exhibit E speaks for itself, and

on that basis denies any allegations of paragraph 49 inconsistent therewith.  Experian

further states that it does not have knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of paragraph 49 and, on that basis, denies,

generally and specifically, each and every remaining allegation of paragraph 49 of the

Complaint.

50.     The Order Confirming Discharge affirmed that the initial Discharge Order eliminated any personal liability with respect to the Discharged Debt.

**ANSWER:**  In response to paragraph 50 of the Complaint, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Responding

further,  Experian states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 50, and therefore denies the

same.

51.     On or about October 4, 2016, Plaintiff obtained a copy of his tri-merge credit report provided by Experian. Please *See* a true and correct copy of the relevant pages from said tri-merge credit report labeled as Exhibit "F."

**ANSWER:**  In response to paragraph 51 of the Complaint, Experian states that Exhibit F,

attached to the Complaint, appears to be a true and correct copy of correspondence from

Experian to Plaintiff dated October 4, 2016.  Responding further, Experian states that

Exhibit F speaks for itself and on that basis denies any allegations of paragraph 51

inconsistent therewith.  Experian further states that it does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of

paragraph 51 and, on that basis, denies, generally and specifically, each and every

remaining allegation of paragraph 51 of the Complaint.

52.     According to said tri-merge report, Plaintiff's Experian consumer report listed Debt-3024 as closed and charged-off with a past-due balance of $11,125 and did not reference Plaintiff's Bankruptcy Case or Discharge Order.  *See* Ex. "F" at pg. 5.

**ANSWER:**  In response to paragraph 52 of the Complaint, Experian states that Exhibit F,

attached to the Complaint, speaks for itself and on that basis denies any allegations of

paragraph 52 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 52 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 52 of the Complaint.

     53.     OneMain communicated such alleged past due amount on Debt -3024 in an attempt to knowingly collect the Discharged Debt from Plaintiff.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 53, and therefore denies the same

     54.     Also, Plaintiff's Experian consumer report listed Debt -3299 as closed and charged- off with a past-due balance of $7,911 and did not reference Plaintiff's Bankruptcy Case or Discharge Order. *Id.* at pg. 6.

**ANSWER:**  In response to paragraph 54 of the Complaint, Experian states that Exhibit F,

attached to the Complaint, speaks for itself and on that basis denies any allegations of

paragraph 54 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 54 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 54 of the Complaint.

     55.     OneMain communicated such alleged past due amount on Debt -3024 in an attempt to knowingly collect the Discharged Debt from Plaintiff.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 55, and therefore denies the same

     56.     On or about October 10, 2016, with Undersigned Counsel's assistance, Plaintiff sent a letter to OneMain and Experian disputing the information OneMain reported on Plaintiff's credit reports (hereinafter, "First Dispute Letter"). Please *See* a true and correct copy of Plaintiff's First Dispute Letter and relevant enclosures labeled as Composite Exhibit "G."

**ANSWER:**  In response to paragraph 56 of the Complaint, Experian states that Exhibit

G, attached to the Complaint, appears to be a true and correct copy of correspondence

from Plaintiff to OneMain and Experian dated October 10, 2016.  Responding further,

Experian states that Exhibit G speaks for itself and on that basis denies any allegations of

paragraph 56 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 56 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 56 of the Complaint.

     57.     Experian communicated Plaintiff's First Dispute Letter to OneMain.

**ANSWER:**  In response to paragraph 57 of the Complaint, Experian admits that it

communicated Plaintiff's First Dispute to OneMain.

     58.     On or about November 10, 2016, Experian sent a letter in response to
Plaintiff's First Dispute Letter (hereinafter, "Experian's First Response Letter"). Please *See*
a true and correct copy of the relevant pages of Experian's First Response Letter labeled
as Exhibit "H."

**ANSWER:**  In response to paragraph 58 of the Complaint, Experian states that Exhibit

H, attached to the Complaint, appears to be a true and correct copy of correspondence

from Experian to Plaintiff dated November 10, 2016.  Responding further, Experian

states that Exhibit H speaks for itself and on that basis denies any allegations of

paragraph 58 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 58 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 58 of the Complaint.

59.     Despite the Discharge Order and Order Confirming Discharge eliminating any personal obligation with respect to the Discharged Debt and despite Plaintiff's First Dispute Letter to Experian detailing Experian's erroneous reporting of the Discharged Debt, Experian reported Debt -3024 as charged-off with a past due balance of $11,070 as of November 2016, and reported Debt -3299 as charged-off with a past due balance of $7,911 as of November 2016. *See* Ex. "H" at pg. 5.

**ANSWER:**  In response to paragraph 59 of the Complaint, Experian states that Exhibit

H, attached to the Complaint, speaks for itself and on that basis denies any allegations of

paragraph 59 inconsistent therewith.  Responding further, Experian states that this

paragraph contains legal conclusions not subject to admission or denial.  Experian further

states that it does not have knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 59 and, on that basis, denies, generally

and specifically, each and every remaining allegation of paragraph 59 of the Complaint.

60.     Moreover, Experian's First Response Letter did *not* indicate or reference Plaintiff's Bankruptcy Case, Discharge Order, or Order Confirming Discharge with respect to the Discharged Debt. *Id.*

**ANSWER:**  In response to paragraph 60 of the Complaint, Experian states that Exhibit

H, attached to the Complaint, speaks for itself and on that basis denies any allegations of

paragraph 60 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 60 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 60 of the Complaint.

61.     OneMain communicated such alleged past due amounts to Experian in an attempt to knowingly collect the Discharged Debt from Plaintiff.

> **ANSWER:**   Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and therefore denies the same.

62.     On or about December 14, 2016, Undersigned Counsel sent another letter to OneMain and Experian on Plaintiff's behalf *again* disputing the errors contained in Plaintiff's credit reports (hereinafter, "Second Dispute Letter"). Please *See* a true and correct copy of Plaintiff's Second Dispute Letter and relevant enclosures labeled as Composite Exhibit "I".

> **ANSWER:**  In response to paragraph 62 of the Complaint, Experian states that Exhibit I, attached to the Complaint, appears to be a true and correct copy of correspondence from Plaintiff to OneMain and Experian dated December 14, 2016.  Responding further, Experian states that Exhibit I speaks for itself and on that basis denies any allegations of paragraph 62 inconsistent therewith. Experian further states that it does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 62 of the Complaint.

63.     Experian communicated Plaintiff's Second Dispute Letter to OneMain.

**ANSWER:**  In response to paragraph 63 of the Complaint, Experian admits that it communicated Plaintiff's Second Dispute to OneMain.

64.     On or about January 3, 2017, at approximately 2:07 p.m. EST, OneMain's employee or representative "Rachel Horn" directly called Plaintiff in an attempt to collect the Discharged Debt.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and therefore denies the same.

65.     OneMain placed the immediately-aforementioned call from telephone number telephone number 888.800.2527.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and therefore denies the same.

66.     During the above-referenced call, Plaintiff advised OneMain of his Bankruptcy Case and Discharge Order, advised OneMain of Undersigned Counsel's legal representation of Plaintiff with respect to the Discharged Debt, provided Undersigned Counsel's contact information, and requested that OneMain cease calling Plaintiff's home telephone.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and therefore denies the same.

67.     On or about January 3, 2017, at approximately 6:24 p.m. EST, OneMain's employee or representative "Jeremey Will" directly called Plaintiff in an attempt to collect the Discharged Debt.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and therefore denies the same.

68.     OneMain placed the immediately-aforementioned call from telephone number telephone number 888.800.2527.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and therefore denies the same.

69.     During the above-referenced call, Plaintiff *again* advised OneMain of his Bankruptcy Case and Discharge Order, *again* advised OneMain of Undersigned Counsel's legal representation of Plaintiff with respect to the Discharged Debt, *again* provided Undersigned Counsel's contact information, and *again* requested that OneMain cease calling Plaintiff's home telephone.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and therefore denies the same.

70.     On or about January 3, 2017, Experian sent a letter in response to Plaintiff's Second Dispute Letter (hereinafter, "Experian's Second Response Letter"). Please *See* a

true and correct copy of the relevant pages from Experian's Second Response Letter labeled as Exhibit "J."

**ANSWER:**  In response to paragraph 70 of the Complaint, Experian states that Exhibit J, attached to the Complaint, appears to be a true and correct copy of correspondence from Experian to Plaintiff dated January 3, 2017.  Responding further, Experian states that Exhibit J speaks for itself and on that basis denies any allegations of paragraph 70 inconsistent therewith.  Experian further states that it does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 70 of the Complaint.

71.    Experian's Second Response Letter indicated the Discharged Debt as closed, 120 days late as of November 2014, with a $0 balance due and included in Plaintiff's Bankruptcy Case. *See* Ex. "J" at pg. 4.

**ANSWER:**  In response to paragraph 71 of the Complaint, Experian states that Exhibit J, attached to the Complaint, speaks for itself and on that basis denies any allegations of paragraph 71 inconsistent therewith.  Experian further states that it does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 71 of the Complaint.

72.    On or about January 4, 2017, Experian sent *another* letter in response to Plaintiff's Second Dispute Letter (hereinafter, "Experian's Third Response Letter"). Please *See* a true and correct copy of the relevant pages of Experian's Third Response Letter labeled as Exhibit "K."

**ANSWER:**  In response to paragraph 72 of the Complaint, Experian states that Exhibit K, attached to the Complaint, appears to be a true and correct copy of correspondence

from Experian to Plaintiff dated January 4, 2017.  Responding further, Experian states

that Exhibit K speaks for itself and on that basis denies any allegations of paragraph 72

inconsistent therewith.  Experian further states that it does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of

paragraph 72 and, on that basis, denies, generally and specifically, each and every

remaining allegation of paragraph 72 of the Complaint.

73.     Experian's Third Response Letter similarly reported the Discharged Debt as closed, 120 days late as of November 2014, with a $0 balance due and included in Plaintiff's Bankruptcy Case.  *See* Ex. "K" at pg. 4.

**ANSWER:**  In response to paragraph 73 of the Complaint, Experian states that Exhibit

K, attached to the Complaint, speaks for itself and on that basis denies any allegations of

paragraph 73 inconsistent therewith.  Experian further states that it does not have

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 73 and, on that basis, denies, generally and specifically, each and

every remaining allegation of paragraph 73 of the Complaint.

74.     In aggregate, OneMain and Experian reported Debt -3024 and Debt -3299 on Plaintiff's consumer credit reports as illustrated in the tables below:

**ANSWER:**  In response to paragraph 74 of the Complaint, Experian states that to the

extent the allegations relate to other parties, Experian does not have knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein,

which has the effect of a denial.  Experian also states that the paragraph 74 and its

associated chart contain legal conclusions not subject to admission or denial.  To the

extent a response is required, Experian denies each and every allegation contained in

paragraph 74 and its associated chart.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

| Debt | Debt -3024 | Debt -3299 |
|---|---|---|
| **Debts Should be Accurately Reported as:** | Balance: $0.00<br>Past Due: $0.00<br>Account Status: Closed<br>No late payment history after: March 23, 2015<br>Included in Ch. 7 Bankruptcy<br>Discharged in Ch. 7 Bankruptcy | Balance: $0.00<br>Past Due: $0.00<br>Account Status: Closed<br>No late payment history after: March 23, 2015<br>Included in Ch. 7 Bankruptcy<br>Discharged in Ch. 7 Bankruptcy |
| **Before First Dispute**<br>*Report as of:*<br>*10/04/2016* | Balance: $11,125.00<br>Past Due: $11,125.00<br>Account Status: Closed & Charged-off<br>No reference to Ch. 7 Bankruptcy or Discharge | Balance: $7,911.00<br>Past Due: $7,911.00<br>Account Status: Closed & Charged-off<br>No reference to Ch. 7 Bankruptcy or Discharge |
| **After 1st Dispute**<br>*Report as of:*<br>*11/10/2015* | Balance: $11,070.00<br>Past Due: $11,070.00<br>Account Status: Closed<br>Status: Account charged off, $11,070 past due as of Nov 2016<br>Actual Balance History: $11,125 balance from November 2014–August 2016<br>No reference to Ch. 7 Bankruptcy or Discharge | Balance: $7,911.00<br>Past Due: $7,911.00<br>Account Status: Closed<br>Status: Account charged off, $7,911 past due as of Nov 2016<br>Actual Balance History: $7,911 balance from November 2014–August 2016<br>No reference to Ch. 7 Bankruptcy or Discharge |
| **After 2nd Dispute**<br>*Report as of:*<br>*01/03/2017* | Balance: $0.00<br>Past Due: $0.00<br>Account Status: Closed<br>Account Status: Discharged in Ch. 7 Bankruptcy<br>No late payment history or derogatory reporting after November 2014 | Balance: $0.00<br>Past Due: $0.00<br>Account Status: Closed<br>Account Status: Discharged in Ch. 7 Bankruptcy<br>No late payment history or derogatory reporting at all |

Experian

75.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 75, and therefore denies the same.

76.     The FCCPA, Section 559.77 provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against OneMain.

**ANSWER:**  In response to paragraph 76 of the Complaint, Experian states that this paragraph

contains legal conclusions not subject to admission or denial.  Responding further, Experian

states that the FCCPA speaks for itself and on that basis denies any allegations of paragraph 76

inconsistent therewith.  Experian does not have knowledge or information sufficient to form a

belief as to the truth of any remaining allegations contained in paragraph 76 and on that basis

denies the same.

77.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against OneMain and/or Experian.

**ANSWER:**  In response to paragraph 77 of the Complaint, Experian states that this paragraph

contains legal conclusions not subject to admission or denial.  Responding further, Experian

states that the FCRA speaks for itself and on that basis denies any allegations of paragraph 77

inconsistent therewith.  Experian does not have knowledge or information sufficient to form a

belief as to the truth of any remaining allegations contained in paragraph 77 and on that basis

denies the same.

78.     As a result of the debt collection, communicating, and inaccurate reporting of the Discharged Debt on Plaintiff's credit reports, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions—including a higher interest rate to finance the purchase of an automobile for personal use—and he did not receive the benefit of relief afforded by the Discharge Order and Order Confirming Discharge entered in Plaintiff's Bankruptcy Case.

**ANSWER:** In response to paragraph 78 of the Complaint, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the Fair Credit Reporting Act ("FCRA") or any other law. Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 78 and on that basis denies the same.

79.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite the Discharge Order and Order Confirming Discharge entered in Plaintiff's Bankruptcy Case, and despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and incorrect reporting of the Discharged Debt, as well as OneMain's unlawful continued Debt collection attempts.

**ANSWER:** In response to paragraph 79 of the Complaint, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the Fair Credit Reporting Act ("FCRA") or any other law. Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 79 and on that basis denies the same.

80.     Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Discharged Debt and that Plaintiff would instead pay higher interest rates in the event he could obtain financing. In fact, Plaintiff suffered additional actual damages in the form of damage to his credit reputation, higher credit costs, and other additional costs and fees.

**ANSWER:** In response to paragraph 80 of the Complaint, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the Fair Credit Reporting Act ("FCRA") or any other law. Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 80 and on that basis denies the same.

81.   As of the date of this complaint, OneMain has not initiated a law suit in an effort to collect the Discharged Debt. Likewise, OneMain has not obtained a final judgment regarding the Discharged Debt.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 81, and therefore denies the same.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE—
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

**ANSWER:**  In response to this unnumbered paragraph, Experian incorporates its

answers to paragraphs 1 through 81 as if fully restated herein.

82.   OneMain is subject to, and violated the provisions of, Florida Statutes, Section 559.55(7) by collecting consumer debts from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 82, and therefore denies the

same.

83.   Specifically, despite the Discharge Order and Order Confirming Discharge eliminating any personal liability with respect to the Discharged Debt, and despite Plaintiff's letters disputing OneMain's and Experian's reporting of the Discharged Debt on Plaintiff's Experian credit report, OneMain reported Debt -3024 as past due in the amount of $11,070, reported Debt -3299 as past due in the amount of $7,911, and did not indicate or reference the discharge Plaintiff received in his Bankruptcy Case on Plaintiff's Experian credit report in its attempt to collect the Discharged Debt from Plaintiff.

**ANSWER:**   In response to paragraph 83 of the Complaint, Experian expressly denies

any implication that it violated the law, reported inaccurate information, caused

Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.  Experian does

not have knowledge or information sufficient to form a belief as to the truth of any

remaining allegations contained in paragraph 83 and on that basis denies the same.

84.     Further, despite the Discharge Order and Order Confirming Discharge eliminating any personal liability with respect to the Discharged Debt, and despite Plaintiff's letters disputing OneMain's and Experian's reporting of the Discharged Debt on Plaintiff's Experian credit report, OneMain directly called Plaintiff *at least* two (2) times in an attempt to collect the Discharged Debt.

**ANSWER:**   In response to paragraph 84 of the Complaint, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 84 and on that basis denies the same.

85.     OneMain's conduct served no purpose other than to annoy and harass Plaintiff into paying the Discharged Debt, as the Discharge Order and Order Confirming Discharge eliminated any personal liability with respect to the Discharged Debt, and despite Plaintiff's First Dispute Letter, OneMain continued to report the Discharged Debt on Plaintiff's credit reports and continued to directly contact Plaintiff in its attempt to collect the Discharged Debt.

**ANSWER:**  In response to paragraph 85 of the Complaint, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 85 and on that basis denies the same.

86.     OneMain's willful and flagrant violation of, *inter alia*, the Florida Consumer Collection Practices Act as a means to collect the Discharged Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86, and therefore denies the same.

87.     As a direct and proximate result of OneMain's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87, and therefore denies the same.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

**ANSWER:** In response to this unnumbered paragraph, Experian incorporates its answers to paragraphs 1 through 81 as if fully restated herein

88.     OneMain is subject to, and violated the provisions of, Florida Statues, Section 559.72(9) by attempting to collect the Discharged Debt with knowledge that the Discharged Debt is not legitimate or by asserting the existence of some legal right when OneMain knows that the right does not exist.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88, and therefore denies the same.

89.     Specifically, OneMain possessed actual knowledge of Plaintiff's Bankruptcy Case via the 341 Notice and possessed actual knowledge of the corresponding discharge of the Discharged Debt via the Discharge Order and subsequent Order Confirming Discharge.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and therefore denies the same.

90.     Despite the Discharge Order and Order Confirming Discharge eliminating any personal liability with respect to the Discharged Debt, and despite Plaintiff's letters disputing OneMain's and Experian's reporting of the Discharged Debt on Plaintiff's Experian credit report, OneMain reported Debt -3024 as past due in the amount of $11,070, reported Debt -3299 as past due in the amount of $7,911 on Plaintiff's Experian credit report, and did not indicate or reference the discharge Plaintiff received in his Bankruptcy Case on Plaintiff's Experian credit report in its attempts to collect the Discharged Debt.

**ANSWER:**  In response to paragraph 90 of the Complaint, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 90 and on that basis denies the same.

91.     During the course of OneMain's attempts to collect the Discharged Debt, it knowingly and falsely asserted that the Discharged Debt was legitimate, and falsely asserted that it possessed the right to collect the Discharged Debt from Plaintiff by reporting the Discharged Debt on Plaintiff's credit reports, as well as by calling Plaintiff in an attempt to collect the Discharged Debt, despite possessing actual knowledge of Plaintiff's Bankruptcy Case and Discharge Order.

**ANSWER:**  In response to paragraph 91 of the Complaint, Experian expressly denies any

implication that it violated the law, reported inaccurate information, caused Plaintiff any damage,

or is liable to Plaintiff in any manner whatsoever.  Experian does not have knowledge or

information sufficient to form a belief as to the truth of any remaining allegations contained in

paragraph 91 and on that basis denies the same.

92.     As a direct and proximate result of OneMain's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

> **ANSWER:**  Experian is without knowledge or information sufficient to form a
>
> belief as to the truth of the allegations contained in paragraph 92, and therefore
>
> denies the same.

### COUNT THREE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if full restated herein and further states as follows:

> **ANSWER:**  In response to this unnumbered paragraph, Experian incorporates its
>
> answers to paragraphs 1 through 81 as if fully restated herein.

93.     OneMain is subject to, and violated the provisions of, Florida Statues, Section 559.72(18) by intentionally communicating directly with Plaintiff after receiving actual notice of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and after receiving Undersigned Counsel's contact information.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 93, and therefore denies the same.

94.     Specifically, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Discharged Debt and Undersigned Counsel's contact information via the Faxes of Representation, OneMain called Plaintiff directly *at least* two (2) times in an attempt to collect the Discharged Debt.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 94, and therefore denies the same.

95.     As a direct and proximate result of OneMain's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 95, and therefore denies the same.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681E(B)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

**ANSWER:**  In response to this unnumbered paragraph, Experian incorporates its

answers to paragraphs 1 through 81 as if fully restated herein.

96.     Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

**ANSWER:**  In response to paragraph 96, Experian denies, generally and specifically, each and

every allegation contained therein.

97.     Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding Plaintiff's Bankruptcy Case and Discharged Debt.

**ANSWER:**  In response to paragraph 97, Experian denies, generally and specifically, each and

every allegation contained therein.

98.     Specifically, despite the Discharge Order and Order Confirming Discharge eliminating any personal obligation with respect to the Discharged Debt, Experian reported Debt-3021 as past due and charged-off in the amount of $11,070, reported Debt -3299 as past due and

charged-off in the amount of $7,911, and Experian did *not* reference Plaintiff's Bankruptcy Case or Discharge Order with respect to the Discharged Debt.

**ANSWER:**  In response to paragraph 98, Experian denies, generally and specifically, each and

every allegation contained therein.

99.     Further, Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's Experian credit report.

**ANSWER:**  In response to paragraph 99, Experian denies, generally and specifically, each and

every allegation contained therein.

100.     For example, despite Plaintiff's dispute of the inaccuracies in his credit reports, Experian did not search any public records to independently verify OneMain's assertions that the Discharged Debt was past due at any time after OneMain originally reported the Discharged Debt to Experian.

**ANSWER:**  In response to paragraph 100, Experian denies, generally and specifically, each and

every allegation contained therein.

101.     Specifically, despite Plaintiff's First Dispute Letter to Experian detailing Experian's erroneous reporting of the Discharged Debt, Experian *still* reported Debt -3024 as charged-off and past due in the amount of $11,070, reported Debt -3299 as charged-off and past due in the amount of $7,911, and did not reference Plaintiff's Bankruptcy Case or Discharge Order with respect to the Discharged Debt.

**ANSWER:**  In response to paragraph 101, Experian denies, generally and specifically, each and

every allegation contained therein.

102.     Such reporting of the Discharged Debt is false and evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

**ANSWER:**  In response to paragraph 102, Experian denies, generally and specifically, each and

every allegation contained therein.

103.     As a result of Experian's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions.

**ANSWER:**  In response to paragraph 103, Experian denies, generally and specifically, each and

every allegation contained therein.

104.    Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

**ANSWER:**  In response to paragraph 104, Experian denies, generally and specifically, each and

every allegation contained therein.

105.    Experian's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**ANSWER:**  In response to paragraph 105, Experian denies, generally and specifically, each and

every allegation contained therein.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT—**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681I(A)(1)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

**ANSWER:**  In response to this unnumbered paragraph, Experian incorporates its

answers to paragraphs 1 through 81 as if fully restated herein.

106.    Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the information in Plaintiff's credit reports and credit file.

**ANSWER:**  In response to paragraph 106, Experian denies, generally and specifically, each and

every allegation contained therein.

107.    Specifically, Experian willfully or negligently refused, or both, to properly reinvestigate Plaintiff's consumer report upon receiving Plaintiff's disputes, as described herein.

**ANSWER:**  In response to paragraph 107, Experian denies, generally and specifically, each and

every allegation contained therein.

108.    For example, despite receiving Plaintiff's First Dispute Letter, Experian's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Discharged Debt on Plaintiff's credit reports.

**ANSWER:**  In response to paragraph 108, Experian denies, generally and specifically, each and

every allegation contained therein.

109.    As noted above, Experian did not search any public records to independently verify OneMain's assertions regarding the Discharged Debt after OneMain originally reported the Discharged Debt to Experian.

**ANSWER:**  In response to paragraph 109, Experian denies, generally and specifically, each and

every allegation contained therein.

110.    Furthermore, Experian's First Response Letter reported Debt -3024 as $11,070 past due as of November 2016, reported Debt -3299 as past due as of November 2016, and did not reference Plaintiff's Bankruptcy Case or Discharge Order.

**ANSWER:**  In response to paragraph 110, Experian denies, generally and specifically, each and

every allegation contained therein.

111.    Such reporting is false and evidences Experian's failure to conduct a reasonable investigation of Plaintiff's repeated disputes.

**ANSWER:**  In response to paragraph 111, Experian denies, generally and specifically, each and

every allegation contained therein.

112.    Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

**ANSWER:**  In response to paragraph 112, Experian denies, generally and specifically, each and

every allegation contained therein.

113.    Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

**ANSWER:**  In response to paragraph 113, Experian denies, generally and specifically, each and

every allegation contained therein.

114.    Experian's reinvestigation procedures are unreasonable.

**ANSWER:** In response to paragraph 114, Experian denies, generally and specifically, each and every allegation contained therein.

115.   Experian's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

**ANSWER:** In response to paragraph 115, Experian denies, generally and specifically, each and every allegation contained therein.

116.   Experian's reinvestigations were *per se* deficient by reason of these failures in Experian's reinvestigations of Plaintiff and the Discharged Debt.

**ANSWER:** In response to paragraph 116, Experian denies, generally and specifically, each and every allegation contained therein.

117.   Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**ANSWER:** In response to paragraph 117, Experian denies, generally and specifically, each and every allegation contained therein.

**COUNT SIX:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681I(A)(4)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

**ANSWER:** In response to this unnumbered paragraph, Experian incorporates its answers to paragraphs 1 through 81 as if fully restated herein.

118.   Experian is subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

**ANSWER:** In response to paragraph 118, Experian denies, generally and specifically, each and every allegation contained therein.

119.    Specifically, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

**ANSWER:**  In response to paragraph 119, Experian denies, generally and specifically, each and

every allegation contained therein.

120.    Further, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

**ANSWER:**  In response to paragraph 120, Experian denies, generally and specifically, each and

every allegation contained therein.

121.    Experian's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

**ANSWER:**  In response to paragraph 121, Experian denies, generally and specifically, each and

every allegation contained therein.

122.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**ANSWER:**  In response to paragraph 122, Experian denies, generally and specifically, each and

every allegation contained therein.

**COUNT SEVEN:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681I(A)(5)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

> **ANSWER:**  In response to this unnumbered paragraph, Experian incorporates its
>
> answers to paragraphs 1 through 81 as if fully restated herein.

123.    Experian is subject to, and violated the provisions of, 15 United States code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

**ANSWER:**  In response to paragraph 123, Experian denies, generally and specifically, each and every allegation contained therein.

124.    Specifically, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently, or both, failed to update or delete information on Plaintiff's credit reports with respect to the Discharged Debt that was either inaccurate or could not be verified.

**ANSWER:** In response to paragraph 124, Experian denies, generally and specifically, each and every allegation contained therein.

125.    Further, despite receiving Plaintiff's First Dispute Letter, which enclosed relevant pages from Plaintiff's Bankruptcy Case, Experian willfully or negligently, or both, failed to update or delete the information on Plaintiff's credit reports with respect to the Discharged Debt that was either inaccurate or could not be verified.

**ANSWER:**  In response to paragraph 125, Experian denies, generally and specifically, each and every allegation contained therein.

126.    As a result of Experian's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable credit terms on consumer loans and other consumer transactions.

**ANSWER:**  In response to paragraph 126, Experian denies, generally and specifically, each and every allegation contained therein.

127.    Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

**ANSWER:** In response to paragraph 127, Experian denies, generally and specifically, each and every allegation contained therein.

128.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**ANSWER:**  In response to paragraph 128, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT EIGHT:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681S-2(B)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

**ANSWER:** In response to this unnumbered paragraph, Experian incorporates its answers to paragraphs 1 through 81 as if fully restated herein.

129.    OneMain is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Discharged Debt on Plaintiff's credit reports after investigating Plaintiff's disputes.

**ANSWER:** As paragraph 129 relates entirely to a different Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Responding further, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.

130.    As described above, despite receiving notice of Plaintiff's dispute from Plaintiff as well as from Experian, and the subsequent reinvestigations, OneMain willfully or negligently reported—or both—erroneous credit information regarding the Discharged Debt to Experian.

**ANSWER:** As paragraph 130 relates entirely to a different Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Responding further, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.

131.     Specifically, after receiving notice of Plaintiff's repeated disputes from Experian, OneMain inaccurately reported the Discharged Debt as past due, reported outstanding balances due, reported the Discharged Debt as charged-off, and failed to report the Discharged Debt as discharged in Plaintiff's Bankruptcy Case to Experian, which ultimately reflected negatively on Plaintiff's Experian credit report and credit file.

> **ANSWER:** As paragraph 131 relates entirely to a different Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Responding further, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.

132.     Further, OneMain reported the immediately-aforementioned negative information with actual knowledge that the Discharge Order and Order Confirming Discharge eliminated any personal obligation with respect to the Discharged Debt.

> **ANSWER:** As paragraph 132 relates entirely to a different Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Responding further, Experian expressly denies any implication that it violated the law, reported inaccurate information, caused Plaintiff any damage, or is liable to Plaintiff in any manner whatsoever.

133.     OneMain's reinvestigations were not conducted in good faith.

> **ANSWER:** As paragraph 133 relates entirely to a different Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

134.     OneMain's reinvestigations were not conducted reasonably.

**ANSWER:**  As paragraph 134 relates entirely to a different Defendant, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore denies the same.

135.    OneMain's reinvestigations were not conducted using all information reasonably
available to OneMain.

**ANSWER:**  As paragraph 135 relates entirely to a different Defendant, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore denies the same.

136.    As a result of OneMain's conduct, actions, or inactions, Plaintiff was unable to
obtain or maintain credit at market rates and terms for an individual who did not have fictitious
and erroneous outstanding, late, or past due balances reported on his credit reports.

**ANSWER:**  As paragraph 136 relates entirely to a different Defendant, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore denies the same.

137.    OneMain's conduct was a direct and proximate cause of, as well as a substantial
factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

**ANSWER:** As paragraph 137 relates entirely to a different Defendant, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore denies the same.

138.    OneMain's actions in violation of 15 United States Code, Section 1681s-2(b),
constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to
actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as
enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**ANSWER:**  As paragraph 138 relates entirely to a different Defendant, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore denies the same.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.   Judgment against OneMain declaring that OneMain violated the FCCPA;

b.   Judgment against OneMain for maximum statutory damages for the violations of the FCCPA;

c.   Judgment against OneMain and Experian for maximum statutory damages for violations of the FCRA;

d.   Judgment enjoining Defendants from engaging in further conduct in violation of the FCRA;

e.   Actual damages in an amount to be determined at trial;

f.   Compensatory damages in an amount to be determined at trial;

g.   Punitive damages in an amount to be determined at trial;

h.   An award of attorneys' fees and costs; and

i.   Any other such relief the Court may deem proper.

**ANSWER:** In response to this unnumbered paragraph, Experian admits that Plaintiff has prayed for such relief, but denies, generally and specifically, that Experian is in any way liable to Plaintiff. Further responding, any allegation in Plaintiff's Complaint not heretofore specifically responded to by Experian is hereby denied.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

**ANSWER:** In response to this unnumbered paragraph, Experian admits that Plaintiff has so demanded.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

**ANSWER:**  In response to this unnumbered paragraph, Experian admits that Plaintiff has so noticed.

*     *     *     *

**EXPERIAN'S AFFIRMATIVE DEFENSES**

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to paragraphs 1 through 134 of the Complaint and to the unnumbered paragraphs contained therein.

**FIRST AFFIRMATIVE DEFENSE**
**(LACHES)**

The Complaint, and each claim for relief therein, is barred by laches.

**SECOND AFFIRMATIVE DEFENSE**
**(TRUTH/ACCURACY OF INFORMATION)**

All claims against Experian are barred because all of the information Experian communicated to any third person regarding Plaintiff was true.

**THIRD AFFIRMATIVE DEFENSE**
**(INDEMNIFICATION)**

Any purported damages allegedly suffered by Plaintiff are the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FOURTH AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Any alleged damages sustained by Plaintiff were, at least in part, caused by the action of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

All claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (REASONABLE PROCEDURES)

At all time relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

## TENTH DEFENSE
### (INDEPENDENT INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes which had no relation in fact to any conduct of Experian.

## ELEVENTH AFFIRMATIVE DEFENSE
### (CONSTITUTIONALITY OF PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages is barred (a) by the Eighth Amendment of the United States Constitution, (b) by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, (c) by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and (d) to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt and also in accordance with the protections of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution.  Experian adopts by reference the defense, criteria, limitation, standard and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## TWELFTH AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional, different, or modified affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

\*       \*       \*       \*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Experian hereby demands a jury trial on all issues so triable.

Dated: August 21, 2017                    Respectfully submitted,


*s/ Maria H. Ruiz*
Maria H. Ruiz
Florida Bar No. 182923
MRuiz@kasowitz.com
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami FL 33131
786-587-1044 (t)
305-675-2601 (f)

## CERTIFICATE OF SERVICE

**I hereby certify** that on August 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or mail.

*s/ Maria H. Ruiz*
Maria H. Ruiz